UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANIE G.[1], an Individual,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW M. SAUL[2], Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 5:18-01056 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

## I. **INTRODUCTION**

Plaintiff Joanie G. ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] On June 17, 2019, Saul became the Commissioner of the Social Security Administration. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

of her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly consider relevant medical evidence and improperly rejected her substantive statements and testimony of her symptoms and limitations in assessing her residual functional capacity. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.   FACTS RELEVANT TO THE APPEAL

Plaintiff last worked in February 2014 in the capacity of what she described as a counselor at a youth homeless shelter, and prior to that as an administrative assistant. (Administrative Record "AR" 38, 42-43).  When Plaintiff filed her claim for social security benefits, she alleged disability due to degenerative joint disease in her hip and lumbar spine.  (AR 64).

In response to the ALJ asking her what the primary reason is she can no longer work, Plaintiff responded: "[t]he medication I'm on keeps me drowsy.  I'm in pain 24 hours a day and my hand and hip and legs hurt 24 hours a day, so it's hard for me to sit, move, or any of that.  Write, because I was used to typing all day and writing all day. But my hand swells up and my legs and stuff."  (AR 46).

In finding Plaintiff not disabled under the Social Security Act, the ALJ found that Plaintiff was capable of performing light work with significant limitations.  (AR 23).  The only medical opinions in evidence assessed Plaintiff capable of performing medium work and the ALJ gave those opinions little weight.  (AR 22-23).  None of Plaintiff's treating physicians provided a medical opinion regarding the Plaintiff's functional limitations and there is no medical source opinion in evidence supporting greater limitations than those assessed by the ALJ.  (AR 23).

## III. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed her application for DIB on March 4, 2014, alleging disability beginning February 5, 2014. (AR 156-61). Plaintiff's claims were denied initially on July 25, 2014 (AR 86-89), and upon reconsideration on April 21, 2015 (AR 94-98). A hearing was held before ALJ Robert Lenzini on April 10, 2017. (AR 30-63). Plaintiff, represented by counsel, appeared and testified at the hearing, as well as vocational consultant Aida Y. Worthington. Id.

On May 23, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] (AR 12-29). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on March 20, 2018. (AR 1-6). Plaintiff then filed this action in District Court on May 16, 2018, challenging the ALJ's decision. [Docket ("Dkt.") No. 1].

On November 6, 2018, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 20, 21]. Plaintiff filed a Memorandum in Support of Complaint on April 16, 2019. [Dkt. No. 32]. Defendant filed a Memorandum in Support of Answer on May 21, 2019. [Dkt. No. 33]. On June 6, 2019, Plaintiff filed a Statement of No Reply. [Dkt. No. 34]. The case is ready for decision.[4]

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 13, 16].

## B. Summary of ALJ Decision After Hearing

In the decision (AR 15-25), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. § 404.1520(a)(4). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since February 5, 2014, the alleged onset date, through her date last insured of September 30, 2016. (AR 17). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) degenerative disc disease and facet arthropathy of the lumbar spine; and (b) osteoarthritis of the right hip. (AR 17). At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (AR 19).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform light work as defined in 20 C.F.R. § 404.1567(b),[7] except:

---

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[7] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking

-4-

> she can lift and/or carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for four hours in an eight-hour workday, for up to one hour at a time; and stand and/or walk for four hours in an eight-hour workday, for up to one hour at a time.  She can occasionally climb ramps and stairs, but not climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, crouch and crawl; and frequently handle and finger with her dominant right hand.  She cannot work at unprotected heights or around moving mechanical parts.

(AR 20).

At **step four**, based on Plaintiff's residual functional capacity and the vocational expert's testimony, the ALJ found that Plaintiff was able to perform her past relevant work as an administrative assistant and a case aide.  (AR 24).  Accordingly, the ALJ did not proceed to step five and found that Plaintiff was "not disabled", as defined in the Social Security Act, at any time from February 5, 2014 through September 30, 2016, the date last insured.  (AR 24).

## IV. ANALYSIS

### A. Issues on Appeal

Plaintiff's raises two issue for review: (1) that the ALJ failed to properly evaluate the medical evidence in assessing her RFC; and (2) that the ALJ failed to evaluate Plaintiff's subjective statements regarding her symptoms in assessing her RFC.  [Dkt. No. 32, Plaintiff's Memorandum in Support of Complaint, 3 and 5].

---

> or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

## B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ

1   on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir.
2   2007) (citation omitted).

3   Error in a social security determination is subject to harmless error analysis.
4   Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is
5   inconsequential to the ultimate nondisability determination" or, despite the legal error,
6   "the agency's path may reasonably be discerned." Treichler v. Comm'r of Soc. Sec.
7   Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).

### C. The ALJ Properly Evaluated the Medical Evidence

Plaintiff contends that the ALJ failed to properly consider relevant medical evidence of record in assessing her RFC. Defendant argues that the ALJ properly considered and weighed all relevant medical evidence of record in assessing Plaintiff's RFC.

#### 1. Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. § 404.1527(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216).

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

As noted above, an RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1). Only the ALJ is responsible for assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).

### 2. All Medical Evidence of Record Was Properly Considered

As set forth above, the ALJ assessed Plaintiff capable of performing light work with significant limitations. (AR 23). None of the Plaintiff's treating physicians provided a medical opinion regarding the Plaintiff's functional limitations (AR 23) and Plaintiff does not point to any such opinion here. Furthermore, the only medical opinions in evidence assessed Plaintiff capable of performing medium work. (AR 22-23). The ALJ gave these opinions "little weight" as the physicians had not considered evidence added to the record after the opinions were rendered, including more recent

diagnostic studies and treatment notes showing steroid injections and positive examination findings and that one of the opinions did not sufficiently consider Plaintiff's hip issues. (AR 23).

Plaintiff contends there is no medical evidence supportive of or consistent with the ALJ's RFC assessment. Plaintiff points to certain medical records such as x-rays, MRI findings and steroid injections and claims these records evidence greater limitation than that assessed by the ALJ.[8] [Dkt. No. 32, pp. 4-5]. Plaintiff also points to medical records containing references to pain, reduced sleep, medications, as well as depression[9], and contends the ALJ failed to properly consider the impact of these ailments in the RFC.

---

[8] As Defendant correctly notes, the diagnosis of a condition alone does not establish disability. See Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990). Rather, Plaintiff must show that her impairment causes disabling functional limitations. See 42 U.S.C. § 423(d) (to be disabling, a medically determinable impairment must preclude substantial gainful activity).

[9] Plaintiff contends the ALJ's summary disregard of her depression, without any development whatsoever, constitutes reversible error. [Dkt. 32, p. 4]. The ALJ, however, did devote an entire lengthy paragraph in his decision to Plaintiff's claim of depression. (AR 19). The ALJ found there was a lack of objective evidence to substantiate the existence of a medically determinable mental impairment. To begin, the ALJ noted that "there is no objective medical evidence that documents a mental health diagnosis resulted from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical or laboratory diagnostic techniques." [Id.]. The ALJ also noted that an impairment cannot be established on symptoms alone (20 C.F.R. 404.1508; SSR 96-4) and there must be evidence from an acceptable medical source to establish the existence of an impairment (20 CFR 404.1527(f)). The ALJ noted that he had reviewed the entire record and found no objective evidence to support a finding of depression to be a medically determinable impairment. There is no mention of depression in the medical evidence until October 6, 2015 and it was based only on Plaintiff's subjective complaints. Further, the two office visits with Plaintiff's primary care physician when Plaintiff's complaints of depression were noted both documented Plaintiff's mental status to be normal. [Id., citing AR 342, 375].

Moreover, Plaintiff has not explained how any of her purported mental limitations are sufficiently restrictive to ultimately preclude her from performing work. See, e.g., Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining the

The ALJ did a thorough review of the entirety of Plaintiff's medical records, including those referenced by Plaintiff. (AR 17-19). The ALJ thoroughly analyzed the only medical opinions and functional assessments in evidence, those of Vincente Bernabe, D.O. and the two State agency medical consultants (AR 22-23), and found them to be of little weight as they all found Plaintiff capable of performing medium work. The ALJ's review of Plaintiff's medical record found greater limitations and thus he assessed Plaintiff capable of performing light work with additional restrictions to accommodate her medical conditions. As noted, none of Plaintiff's treating physicians provided any functional assessments of her limitations and Plaintiff points to no medical opinions or assessments that the ALJ disregarded.

The Court therefore finds the ALJ properly assessed the medical evidence of record. Plaintiff would simply prefer the ALJ to have a different interpretation of the medical evidence than that assessed. However, it is the role of the ALJ to resolve any conflicts or ambiguities in the medical record. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."): Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that it is the ALJ's job to resolve any conflicts). See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational

---

Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation"); Ball v. Colvin, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); Sisco v. Colvin, 2014 WL 2859187, at *7-8 (N.D. Cal. June 20, 2014) (ALJ not required to include in RFC assessment mental impairment that imposed "no significant functional limitations").

Accordingly, the Court finds no error in the ALJ's assessment of Plaintiff's claim of mental impairment.

interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Indeed, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012. The Court finds no error by the ALJ in considering the medical record in assessing Plaintiff's RFC.

### D. The ALJ Properly Evaluated Plaintiff's Subjective Complaints

Plaintiff asserts that the ALJ did not properly evaluate her subjective statements and testimony regarding her symptoms and limitations in assessing her RFC. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with the record.

#### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Except for depression, Defendant

does not contest and thus appears to concede that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown–Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 15 947, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in

the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

### 2. The ALJ Provided Clear and Convincing Reasons Supported by Substantial Evidence

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the objective medical record and with statements made by Plaintiff in the record, including of her daily activities. The ALJ did, however, carefully review and assess Plaintiff's subjective complaints in finding Plaintiff capable of performing only light work with significant additional restrictions.

The ALJ performed a thorough review and analysis of Plaintiff's entire medical record and found Plaintiff's testimony inconsistent with the medical records. (AR 21-22). The ALJ found Plaintiff's medical history, including references to specific medical visits and test results, was not consistent with the alleged severity of her symptoms. Thus, the ALJ provided specific, clear and convincing reasons why Plaintiff's subjective complaints are not supported by the objective medical records. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch, 400 F.3d at 681. Thus, the ALJ did not err in considering the sufficiency, or lack thereof, of the objective evidence while weighing Plaintiff's testimony regarding her symptoms and limitations.

The ALJ also noted inconsistencies between Plaintiff's testimony and the statements she made in her medical records. For instance, the ALJ pointed out that Plaintiff testified that she always used her walker to ambulate; "however, on August 6,

2015 she told her primary care physician that she can tolerate movements without her walker, but she prefers to use the walker when going long distances." (AR 21, citing AR 356). The ALJ also pointed out where statements made in her medical records as to her daily activities did not align with the severely limited amount of daily activity she testified to at the hearing and in her disability report. "The claimant also testified that her daily activities consisted primarily of laying down and reading, and that she needed help around the house and with taking a shower and washing her hair. But in November 2015, the claimant reported to her primary care physician that she was the primary caregiver for her mother who had a stroke." (AR 21, citing AR 347). It was proper for the ALJ to consider Plaintiff's reported daily activities of caring for her mother when assessing the credibility of her testimony of alleged symptoms and limitations.[10] Daily activities may be considered to show that Plaintiff exaggerated her symptoms. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (ALJ properly recognized that daily activities "did not suggest [claimant] could return to his old job" but "did suggest that [claimant's] later claims about the severity of his limitations were exaggerated.").

Based on the clear, convincing and specific reasons for partially rejecting Plaintiff's subjective complaints and the substantial evidence to support the ALJ's determination, the Court concludes that the ALJ did not commit error by not including

---

[10] An ALJ is permitted to consider daily living activities in his credibility analysis. See 20 C.F.R. § 404.1529(c)(3) (daily activities are a relevant factor which will be considered in evaluating symptoms); see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors").

1 additional restrictions beyond those already included in the RFC due to Plaintiff's asserted symptoms and limitations.

## V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.  Judgment shall be entered accordingly.

DATE: April 21, 2020

                 /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge